1  ADAM N. BARASCH (State Bar No. 158220)
   MARY KATE SULLIVAN (State Bar No. 180203)
2  MARK JOSEPH KENNEY (State Bar No. 87345)
   SEVERSON & WERSON, A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5  anb@severson.com

6  Attorneys for Defendant
   NATIONSTAR MORTGAGE, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO DIVISION

| | |
|---|---|
| ALLANA BARONI,<br><br>    Debtor. | Case No. 1:12-bk-10986-AA<br><br>Chapter 11 |
| ALLANA BARONI,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>    Defendant. | Adv. No. 1:13-ap-01069-AA<br><br>**NATIONSTAR'S REPLY TO OPPOSITION BY PLAINTIFF TO MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:         November 12, 2014<br>TIME:          10:00 a.m.<br>COURTROOM: 303<br>                    21041 Burbank Blvd.<br>                    Woodland Hills, CA 91367<br>JUDGE:        Hon. Alan M. Ahart<br><br>FAC Filed:    June 5, 2013 |

11951.0140/3483730.1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL OBJECTION ...................................................................................... 3

III. NATIONSTAR HAS MET THE LEGAL STANDARD TO BE
GRANTED SUMMARY JUDGMENT ......................................................................... 4

IV. NATIONSTAR HAS MET THE BURDEN FOR AN ALLOWED CLAIM ............ 4

V. NATIONSTAR IS THE SERVICING AGENT FOR WELLS FARGO,
THE BONA FIDE PURCHASER .................................................................................. 6

    A.    Nationstar as Servicer for Wells Fargo Is the Holder of the Note ........................... 6

    B.    Nationstar Can Enforce the Note as a Nonholder in Possession of the Note ............ 7

VI. THE NOTE AND DEED OF TRUST ARE NOT IRREPARABLY SPLIT ............. 8

VII. NATIONSTAR IS ENTITLED TO SUMMARY JUDGMENT AS TO EACH
CAUSE OF ACTION ..................................................................................................... 9

    A.    Cause of Action 1-Declaratory Relief ....................................................................... 9

    B.    Cause of Action II-Quasi Contract/Unjust Enrichment ......................................... 10

    C.    Cause of Action III-Violation of 15 U.S.C. § 1682, Et. Seq. .................................. 11

    D.    Cause of Action IV-Violation of California Business and Professions Code
§ 17200 ................................................................................................................... 11

VIII. CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505 (1986) ..................................................................................4

*In re Aniel*,
   427 B.R. 811 (Bankr. N.D. Cal. 2010)................................................................................7

*Apostol v. CitiMortgage, Inc.*,
   2013 WL 6328256 (N.D. Cal. Nov. 21, 2013).....................................................................5

*Calvo v. HSBC Bank USA, N.A.*,
   199 Cal.App.4th 118 (2011)................................................................................................8

*In re Choudhuri*,
   2013 WL 6818482 (Bankr. N.D. Cal. Dec. 25, 2013) .........................................................8

*Cockerell v. Title Ins. & Trust Co.*,
   42 Cal.2d 284 (1954).........................................................................................................11

*Creative Ventures, LLC v. Jim Ward & Assocs.*,
   195 Cal.App.4th 1430, 126 Cal.Rptr.3d 564 (2011) ...........................................................7

*Domarad v. Fisher & Burke, Inc.*,
   270 Cal.App.2d 543(1969)..................................................................................................8

*Fontenot*,
   198 Cal.App.4th 256, 270 (2011) .......................................................................................8

*Glaski v. Bank of Am., N.A.*,
   218 Cal.App.4th 1079 (2013)......................................................................................4, 5, 9

*Gomes v. Countrywide Home Loans, Inc.*,
   192 Cal.App. 4th 1149 (2011).............................................................................................5

*Hedging Concepts, Inc. v. First Alliance Mortg. Co.*,
   41 Cal.App.4th 1410 (1996)..............................................................................................10

*Jenkins*,
   216 Cal.App.4th 497, 515 (2014).....................................................................................5,9

*Keshtgar v. U.S. Bank, N.A.*,
   226 Cal.App.4th 1201 (2014)..............................................................................................5

*Lance Camper Mfg. Corp. v. Republic Indem. Co. of Am.*,
   44 Cal.App.4th 194 (1996)................................................................................................10

Case 1:13-ap-01069-MB   Doc 63   Filed 10/29/14   Entered 10/29/14 14:47:33   Desc
Main Document    Page 4 of 18

*Lazo v. Summit Mgmt. Co., LLC*,
   2014 WL 3362289 (E.D. Cal. July 9, 2014) ................................................................5

*Mendoza v. JPMorgan Chase Bank, N.A.*,
   ___ Cal.App.4th ___, 2014 WL 3907908 (2014) ......................................................5, 6

*Mission Oaks Ranch, Ltd. v. County of Santa Barbara*,
   65 Cal.App.4th 713 (1998).............................................................................................5

*In re Pak*,
   2011 WL 7145763 (B.A.P. 9th Cir. 2011) ....................................................................7

*Roth v. Schaaf*,
   148 Cal.App.2d 662, 307 P.2d 421 (Cal. Ct. App. 1957) .............................................1

*In re Sandri*,
   501 B.R. 369 (Bankr. N.D. Cal. 2013).......................................................................5, 6

*T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) .........................................................................................4

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   865 F.2d 1539 (9th Cir. 1989) .......................................................................................4

*Veal v. American Home Mortg. Servicing Inc. (In re Veal)*,
   450 B.R. 897 (BAP 9th Cir. 2011).......................................................................2, 7, 8

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989 (9th Cir. 2006) .........................................................................................4

*Yvanova v. New Century Mortgage Corporation*,
   226 Cal.App.4th 495 (2014)...........................................................................................5

*In re Zulueta*,
   2011 WL 4485621 (B.A.P. 9th Cir. 2011) ....................................................................7

**STATUTES, RULES**

Business and Professions Code
   § 17200 et seq.............................................................................................................11
   § 17200 ....................................................................................................................9, 11

Civil Code
   § 2936........................................................................................................................11

Commercial Code
   § 3202........................................................................................................................11
   § 3602..........................................................................................................................7

11951.0140/3483730.1                                iii
REPLY TO OPPOSITION TO MSJ

Probate Code
    § 4123 ...........................................................................................................................1
    § 4262 ...........................................................................................................................1
    § 4301 ...........................................................................................................................2

Uniform Commercial Code
    § 1201 ...........................................................................................................................6
    § 3203 ...........................................................................................................................7
    § 3205 ...........................................................................................................................6
    § 3301 .................................................................................................................6, 7, 11
    § 3412 ...........................................................................................................................6

Federal Rules of Civil Procedure
    Rule 56 .........................................................................................................................4

Local Rule 7056-1 ...............................................................................................................3


**OTHER AUTHORITIES**

Fair Debt Collection Practices Act ................................................................................9. 11

# I.

# INTRODUCTION

This action is based upon Plaintiff Allana Baroni's ("**Plaintiff**") assertion that Defendant, Nationstar Mortgage LLC ("**Nationstar**") proof of claim regarding 3435 Rio Road, Carmel, California (the "**property**") should be disallowed due to an alleged lack of standing. However through a Limited Power of Attorney entered into with the investor of Plaintiff's loan, Nationstar has standing to file a secured proof of claim as servicer for the trust deed obligation. Nationstar is subject to a Limited Power of Attorney with Wells Fargo Bank, N.A. in trust for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2004-5[1] ("Wells Fargo"). This limited power of attorney explicitly grants Nationstar the power to execute "all documents and instruments necessary in the appearance and prosecution of this bankruptcy proceeding." This would include filing a proof of claim.

Plaintiff opines that the Limited Power of Attorney is insufficient to give Nationstar authority to file the proof of claim on behalf of the investor as it does not list the specific property address. However, the fact that the property or deed of trust itself is not specifically listed is irrelevant. "[A] power of attorney may grant authority to make decisions concerning all or part of the principal's real and personal property, whether owned by the principal at the time of the execution of the power of attorney or thereafter acquired or whether located in this state or elsewhere, without the need for a description of each item or parcel of property." Cal. Prob. Code § 4123. Further, a limited power of attorney grants not only the power to do any act specifically granted in its terms, but to do any act "incidental, necessary, or proper to carry out the granted authority." Cal. Prob. Code § 4262.

"The purpose and effect of a power of attorney of this kind are to vest in the attorney full authority to transact any and all kinds of business for the principal." *Roth v. Schaaf*, 148

---

[1] Plaintiff seems to imply that Nationstar has been disingenious in disclosing the name of the investor of this loan for the first time, when in fact Plaintiff's amended complaint referred to the investor on multiple occasions.

11951.0140/3483730.1                   1

Cal.App.2d 662, 666, 307 P.2d 421, 424 (Cal. Ct. App. 1957). Accordingly, "[a] third person may rely on, contract with, and deal with an attorney-in-fact with respect to the subjects and purposes encompassed or expressed in the power of attorney without regard to whether the power of attorney expressly authorizes the specific act, transaction, or decision by the attorney-in-fact." Cal. Prob. Code § 4301. This includes allowing a loan servicer to execute a proof of claim on behalf of the investor. Here, the Power of Attorney provides Nationstar with the authority to file a proof of claim and this Court to rely on the Power of Attorney to provide that authority.

Next Plaintiff argues that there are two different Notes. In support of this claim, Plaintiff attaches a declaration from Meredith DeKalb Miller. ("Miller Declaration") However, the Miller Declaration refers to a review of documents back in 2011; Miller never reviewed the Note attached to Claim 9-1 or the copy of the Original Note that is attached to Nationstar's Motion for Summary Judgment. This renders the Miller Declaration as irrelevant. Further, Nationstar's counsel is in possession of the original Note as agent for the Nationstar the servicer of this loan. Possession alone, under the California Commercial Code, gives Nationstar the authority to enforce the Note and have standing to file a proof of claim.

Plaintiff also argues that Nationstar has changed its position from that of the creditor to that of the servicing agent from the time the Motion to Dismiss was filed by Nationstar. Plaintiff again seeks to confuse the Court. At the time Nationstar filed its Motion to Dismiss, it relied upon the facts presently in Plaintiff's Amended Complaint. Plaintiff did not assert that Nationstar was the servicer of the loan at that time. On a Motion for Summary Judgment, Nationstar is allowed to provide its facts in conflict and present contrary evidence, which it has done providing full disclosure of Nationstar's role as servicing agent for Wells Fargo. There is no change in Nationstar's position.

In order to have the right to file a proof of claim, a party must have standing as a real party in interest. In Plaintiff's Opposition, she correctly identifies the leading case that addresses standing to file a proof of claim. In *Veal v. American Home Mortg. Servicing Inc. (In re Veal)*, 450 B.R. 897 (BAP 9th Cir. 2011), the Bankruptcy Appellate Panel found that claimant has standing to prosecute a proof of claim involving a negotiable promissory note secured by real

property if, under applicable law, it is a "person entitled to enforce the note" as defined by the Uniform Commercial Code. *Id.*

There is no question that Nationstar as servicer for Wells Fargo is entitled to enforce Plaintiff's promissory note and deed of trust. Nationstar right to enforce the obligation arises on two independent grounds. First, Nationstar as Servicer for Wells Fargo is the holder of the indorsed note through its custodian of records, U.S. Bank, N.A., and thus may enforce the obligation on that basis as a holder and as established through the Declaration of Edward Hyne. Second, the Note was transferred to Wells Fargo as Trustee as part of a sale with the intent that Wells Fargo have the right to enforce the obligation. As was set forth in Hyne's declaration, the Note is physically held by Wells Fargo through its custodian, U.S. Bank, N.A. Accordingly, Nationstar as Servicer for Wells Fargo can enforce the obligation as a transferee of the note. In addition, the original documents are in the possession of Nationstar's counsel, which is all that is necessary to enforce the loan and establish Nationstar as Servicer for Nationstar has standing to file its proof of claim. Further despite Plaintiff's arguments that she is unsure who is her creditor, no one else has come forward claiming they are the holder of the Note.

Under the California Commercial Code, nothing more need be shown to "prove up" ownership of a loan. A flaw in the securitization process, as Plaintiff alleges, would only entitle a party to the securitization agreement (called a pooling and servicing agreement) to damages for its breach. The pooling and servicing agreement does not replace the UCC.

## II.

## PROCEDURAL OBJECTION

Pursuant to Local Rule 7056-1(c), a response to a Motion for Summary Judgment is due "not later than 21 days before the date of the hearing … ." Plaintiff filed her Separate Statement in Support of her Opposition and Evidentiary Objections on October 23, 2014, 20 days prior to the November 12, 2014 hearing. As such, Plaintiff's Separate Statement and Evidentiary Objections are not timely filed.

## III.

## NATIONSTAR HAS MET THE LEGAL STANDARD TO BE GRANTED SUMMARY JUDGMENT

Nationstar has met its burden for Summary Judgment. Summary judgment is appropriate when the pleadings, discovery and affidavits establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. *Id.* If summary judgment is not rendered on the whole case, the Court shall ascertain what material facts exist without substantial controversy. *Id.*

When the moving party meets its burden, the nonmoving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment …[,]" but instead must produce "significant probative evidence" supporting those allegations. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987) (*citations omitted*). "A 'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient to present a genuine issue as to a material fact." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986)). The pleadings define the scope of summary judgment. *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 990-92 (9th Cir. 2006).

Nationstar has established that there are no genuine issues of triable fact and that they are entitled to summary judgment on all causes of action.

## IV.

## NATIONSTAR HAS MET THE BURDEN FOR AN ALLOWED CLAIM

Plaintiff believes Nationstar has failed to meet its burden to show it has an allowed claim as it is "now no longer the claimant, but now Nationstar is the servicer of the Instruments." (Opp., 12:21-22) In support her argument, Plaintiff rejects the *Jenkins* case as cited by Nationstar and instead cites *Glaski v. Bank of Am., N.A.*, 218 Cal.App.4th 1079 (2013) for the proposition that Plaintiff as a borrower has standing to object to the loan trusts pooling and servicing agreement. However, the holding in *Glaski* is an outlier and numerous California appellate cases have

explicitly rejected *Glaski* and have held that borrowers such as Plaintiffs have no right to challenge the securitization process and any resulting assignments. *See*, *e.g.*, *Mendoza v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , 2014 WL 3907908, at *5–8 (2014); *Keshtgar v. U.S. Bank, N.A.*, 226 Cal.App.4th 1201, 1206 (2014) (rejecting *Galski* and holding that a borrower has no standing to challenge an assignment); *Yvanova v. New Century Mortgage Corporation*, 226 Cal.App.4th 495, 502 (2014) (rejecting *Galski* and holding a borrower has no standing to challenge the securitization process or the resulting assignments); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App. 4th 1149, 1155 (2011) (California's nonjudicial foreclosure scheme does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized."). California federal courts have also joined in rejecting *Glaski* and its reasoning. *See*, *e.g.*, *In re Sandri*, 501 B.R. 369, 375–77 (Bankr. N.D. Cal. 2013) ("*Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law"); *Lazo v. Summit Mgmt. Co., LLC*, 2014 WL 3362289, at *7 (E.D. Cal. July 9, 2014) (noting the Eastern District has consistently followed the reasoning of *Jenkins* and rejected *Glaski*); *Apostol v. CitiMortgage, Inc.*, 2013 WL 6328256, at *6 (N.D. Cal., Nov. 21, 2013) ("[m]oreover, courts in this District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process").

Here, Plaintiff is not a party to the securitization of her loan, the pooling and servicing agreement, or any resulting assignment. It is well established that "[o]ne who is not a party to a contract has no right to enforce it unless it is an intended third party beneficiary of the contract." *Mission Oaks Ranch, Ltd. v. County of Santa Barbara*, 65 Cal.App.4th 713, 724 (1998) (disapproved on other grounds). Even if there was some sort of securitization error, the relevant parties are the transferor and transferee, not Plaintiff who is an unrelated third party. *See Jenkins*, 216 Cal.App.4th at 515. Similarly, even if Plaintiff does assert some sort of securitization error, it has no impact on Plaintiff's obligation on the Loan and her relationship with Nationstar as servicer for Wells Fargo. "Securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way."

*Mendoza*, 2014 WL 3907908 at *5 (alteration and citation omitted); see also *In re Sandri*, 501 B.R. at 377 (noting that securitization creates a separate contract, distinct from plaintiffs' obligations under the note). In short, Plaintiff's obligation to Nationstar as servicer for Wells Fargo is unchanged by a theoretical securitization and any errors Plaintiff may assert related to this theoretical securitization of the Loan.

## V.

### NATIONSTAR IS THE SERVICING AGENT FOR WELLS FARGO, THE BONA FIDE PURCHASER

Plaintiff relies on the premise that Nationstar cannot hold possession of the Note for Wells Fargo as Wells Fargo not the holder of the note, but is a non-holder in possession. As a threshold issue, Nationstar is the servicer for Wells Fargo, the holder of the Note and as such has the authority to enforce it including to file a proof of claim with the aforementioned Limited Power of Attorney in Plaintiff's bankruptcy case.

**A.    Nationstar as Servicer for Wells Fargo Is the Holder of the Note**

Plaintiff asserts that due to a lack of clarity, she does not believe that Nationstar is the holder or the non-holder in possession of the Note. This argument has no factual or legal support, but even if Plaintiff questions how Nationstar came into possession of the Note, it is now in possession of the original Note through its counsel. This, by itself, entitles Nationstar to enforce the Note as a holder of the Note.

The "holder" of a promissory note is a "person entitled to enforce [that] instrument" and the person whom the note's maker is obliged to pay. UCC §§ 3301, 3412. A "person in possession of a negotiable instrument that is payable … to bearer" is a "holder." UCC § 1201(u)(1). A promissory note initially payable to a named individual becomes "payable to bearer" if the original payee indorses the note in blank. So indorsed, the note "may be negotiated by transfer of possession alone." UCC § 3205.

Once a party has established they are a holder of a promissory note, their right to enforce the note derives solely from their status as a holder—no evidence of ownership is necessary. UCC § 3301 (the possessor of a bearer instrument may enforce it "even though the person is not

---

11951.0140/3483730.1                                  6

1 the owner of the instrument"); *Creative Ventures, LLC v. Jim Ward & Assocs.,* 195 Cal.App.4th 1430, 1447, 126 Cal.Rptr.3d 564, 577 (2011); *In re Pak,* 2011 WL 7145763, *3 (B.A.P. 9th Cir. 2011); *In re Aniel,* 427 B.R. 811, 816 (Bankr. N.D. Cal. 2010).

Here, Nationstar has shown that its counsel holds the Note in its possession through its servicer for Wells Fargo. Hyne Decl. ¶¶ 10, 11. There is absolutely no question that Barasch is in possession of the Note. Barasch Decl. ¶¶ 9, 10. Plaintiff and Plaintiff's counsel have reviewed the original Note. Barasch Decl. ¶ 12. The Note was indorsed in blank by an officer of Platinum Capital Group, the originator of the loan and lender. Note, Hyne Decl., Ex. A.

Barasch has possession of the Note for Nationstar, and has provided irrefutable evidence of that fact. While in this case Nationstar is servicing agent for Wells Fargo, the owner of the Note, it does not matter. Nationstar, through its counsel, by having possession of the Note, is itself entitled to enforce the Note as a holder. *In re Zulueta,* 2011 WL 4485621, *5 (B.A.P. 9th Cir. 2011). While it does so as agent for Nationstar as servicer for Wells Fargo, the right to do so derives solely from its current possession of the fully indorsed Note. Id. at *5-*6. As a holder entitled to enforce the Note, any payments made to Nationstar as servicer for the holder are credited to Plaintiff's obligation on the Note. California Commercial Code § 3602(a).

**B.     Nationstar Can Enforce the Note as a Nonholder in Possession of the Note**

Alternatively, Nationstar can enforce the note as a nonholder in possession. Barasch, as counsel for Nationstar, then has the right to enforce that claim.

An entity need not be the holder of a note to be entitled to enforce the note. An entity can also enforce the note if it is "a nonholder in possession of the instrument who has the rights of a holder." California Commercial Code § 3301. There is no set way under the California Commercial Code to achieve such status, but the most common way is to be a transferee of the note without being the holder of the note. *In re Veal,* 450 B.R. 897, 911 (B.A.P. 9th Cir. 2011).

A note is transferred "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." UCC § 3203(a). The transferee still receives all the rights in the note the transferor had. UCC § 3203; *Creative Venture*s, 195 Cal.App.4th at 1447. Thus, even in the absence of endorsement, an entity seeking

11951.0140/3483730.1                              7

1  to enforce the note can do so if it can show that it is the transferee of the note and is in possession
2  of the note.  One common situation where a party may be a nonholder in possession with the right
3  to enforce the note is when the note was sold and transferred along with the sale.  *Veal*, 450 B.R.
4  at 911.

5  Here, the Note was originated by Platinum.  It was eventually transferred to Wells Fargo.
6  Hyne Decl. ¶ 5.  The obvious purpose of the transfer is to grant Wells Fargo the right to enforce
7  the instrument.  The Note is held at the direction of Nationstar by U.S. National Association as
8  agent and custodian for Wells Fargo.  Accordingly, Nationstar is a transferee of the Note and may
9  enforce its provisions.  As such, the claim must be upheld.

10  As such, Wells Fargo is a BFP.

## VI.

## THE NOTE AND DEED OF TRUST ARE NOT IRREPARABLY SPLIT

13  As part of Plaintiff's allegations to the alleged improper securitization of the Loan is the
14  argument that the "Note and DOT are split, exposing the Plaintiff to multiple recoveries.  (Opp.,
15  15:20.)  It is a well-settled maxim is that a deed of trust is a "mere incident of the debt it secures
16  and that an assignment of the debt 'carries with it the security.'"  (*Domarad v. Fisher & Burke,*
17  *Inc.*, 270 Cal.App.2d 543, 553 (1969); see also *In re Choudhuri*, 2013 WL 6818482, at *2 (Bankr.
18  N.D. Cal. Dec. 25, 2013) ("under California law, a deed of trust does not have an identity separate
19  and apart from the note it secures. Therefore, if one party receives the note and another receives
20  the deed of trust, the holder of the note prevails "*regardless of the order in which the interests*
21  *were transferred*").  Thus, Plaintiff's argument that note and deed of trust were split is meritless.
22  Even if the Loan was assigned to some unnamed securitized trust, the Deed of Trust would follow
23  and there would be no split.  Plaintiff is wrong in their contention that all assignments related to a
24  deed of trust must be recorded. (*See Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 122,
25  130 (2011).  Finally, even if the Loan was assigned to some unnamed securitized trust, this
26  allegation alone would not prevent Aurora from remaining beneficiary of record as an agent for
27  the securitized trust. (*See Fontenot*, 198 Cal. App. 4th 256, 270 (2011) (holding a nominee for
28  lender/owner may be designated as beneficiary of record).)  Above all, as discussed above,

Plaintiffs lack standing to challenge these alleged transactions between creditors. *See*, *e.g.*, *Jenkins*, 216 Cal. App. 4th 497, 515 (2014).

## VII.

### NATIONSTAR IS ENTITLED TO SUMMARY JUDGMENT AS TO EACH CAUSE OF ACTION

Nationstar's Motion for Summary Judgment is well founded showing that there is no triable issue of fact and it entitled to Summary Judgment on all causes of action.

**A.    Cause of Action 1-Declaratory Relief**

Plaintiff as a borrower does not have standing to challenge the securitization of a Note. *Glaski v. Bank of America,* 218 Cal. App. 4th 1079 (2013), is not the majority opinion in California. California law unambiguously holds that a plaintiff is not entitled to a declaration that a defendant has lost its right to foreclose on property, where the declaratory relief claim is based solely on alleged violations of a PSA. In *Jenkins*, discussed in detail above, the California Court of Appeal upheld dismissal of a Declaratory Relief claim based on allegations that "the promissory note was not transferred into the investment trust with a complete and unbroken chain of endorsements and transfers." *Jenkins, supra*, 216 Cal.App.4th at 510.

Moreover, it is undisputed that Nationstar as servicer to Wells Fargo, through its counsel, is in possession of the original Note endorsed in blank by Lehman Brothers Holdings, Inc. There is no requirement that Nationstar has to be the owner of the Note to be the Holder. As described above, the endorsed note is "bearer paper" and enforceable by whomever is in possession. There is no actual controversy regarding possession of the original Note.

Finally, the Court should dismiss this claim against Nationstar as it is unnecessary where an adequate remedy exists under some other cause of action. Here, the declaratory relief sought, namely a determination of whether the Defendant does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien, is addressed by the final three causes of action for quasi contract/unjust enrichment, violation of the FDCPA and violation of Business and Professions

Code § 17200.  Accordingly, summary judgment should be granted in favor of Nationstar as there is no basis for a declaratory relief action.  Alternatively, summary judgment should be granted as there is no legal controversy.

The cause of action fails and judgment should be rendered in favor of the Nationstar.

**B.    Cause of Action II-Quasi Contract/Unjust Enrichment**

To prove an allegation of unjust enrichment, Plaintiff must show receipt of a benefit and unjust retention of that benefit at the expense of another.  Moreover, under California law, "it is well settled that an action based on an implied in fact or quasi contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp. v. Republic Indem. Co. of Am.*, 44 Cal.App.4th 194, 203 (1996) (citations omitted).  "When parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." *Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 41 Cal.App.4th 1410, 1420 (1996).  Here, there already exists a contract covering the rights and obligations of the parties with respect to the borrower's promise to repay the purchase money loan.

Plaintiff has provided no evidence to prove that Nationstar is accepting payments it is not entitled to receive. There is a contractual agreement between the parties that set forth Nationstar's entitlement to payments on the note obligation.

Further, Plaintiffs argument that two Notes exist is incorrect and is based upon a declaration of Miller that does not even include a review of the copy of the Note attached to the proof of claim or the copy of the Original Note attached to the Declaration of Edward Hyne in support of Nationstar's Motion for Summary Judgment.  As such, this argument and the declaration should be disregarded by the Court.

Looking to unjust enrichment as an equitable argument, in order to get equity one has to

evoke equity. Here Plaintiff has not performed any action that would be considered as evoking equity.

As such, Nationstar is entitled to Summary Judgment as to this cause of action.

**C.     Cause of Action III-Violation of 15 U.S.C. § 1682, Et. Seq.**

The Fair Debt Collection Practices Act ("FDCPA") only applies to a person who collects the debts of another. Here, Nationstar as servicer for Wells Fargo is in possession of the Note and, therefore, is entitled to enforce the terms of the Note and Deed of Trust.  UMF No. 1, 5, 41-42; See Comment 2 to Com. Code § 3202; Cal. Com. Code § 3301; Civ. Code § 2936; *Cockerell v. Title Ins. & Trust Co.*, 42 Cal.2d 284, 291 (1954).  In other words, Plaintiff owes her debt to Wells Fargo that Nationstar is collecting as Servicer, not another.

Because Plaintiff has not meet threshold burden of proving that Defendant was a debt collector, the cause of action fails and judgment should be rendered in favor of the Defendant.

**D.     Cause of Action IV-Violation of California Business and Professions Code § 17200**

Plaintiff has not established any facts supporting an allegation of unfair, unlawful, or fraudulent business practices in California.  Nationstar has not engaged in any anti-competitive action or other action that could be deemed a violation of the California Business and Professions Code § 17200 et seq. In fact, Plaintiffs only argument in support of this cause of action is to seek an amended proof of claim to name Wells Fargo and/or attach a power of attorney.  (Opp., 21:7-8.)  Both have been addressed in the Motion and this Reply.

Given that Plaintiff has failed to meet her burden to prove all elements of the claim, the cause of actions fails and judgment should be rendered in favor of the Wells Fargo.

# VIII.

# CONCLUSION

For the reasons stated above, the Court should grant Defendant's Motion for Summary Judgment on all causes of action.

DATED: October 29, 2014

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: /s/ Adam N. Barasch
Adam N. Barasch

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

11951.0140/3483730.1

12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*): Reply to Opposition in Support of Motion for Summary Judgment  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 29, 2014  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Louis J. Esbin (esbinlaw@sbcglobal.net)        United States Trustee (ustregion16.wh.ecf@usdoj.gov

Michael S. Riley (mriley8@aol.com)        S Margaux Ross (margaux.ross@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 29, 2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2014 | Jennifer W. Jones | */s/ Jennifer W. Jones* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |