1  ADAM N. BARASCH (State Bar No. 158220)
   MARY KATE SULLIVAN (State Bar No. 180203)
2  MARK JOSEPH KENNEY (State Bar No. 87345)
   SEVERSON & WERSON, A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5  anb@severson.com

6  Attorneys for Defendant
   NATIONSTAR MORTGAGE, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO DIVISION

10

| | |
|---|---|
| 11 ALLANA BARONI,<br><br>12          Debtor.<br><br>13 ─────────────────────<br><br>14 ALLANA BARONI,<br><br>15          Plaintiff,<br><br>16   vs.<br><br>17 NATIONSTAR MORTGAGE, LLC<br><br>18          Defendant. | Case No. 1:12-bk-10986-AA<br><br>Chapter 11<br><br>Adv. No. 1:13-ap-01069-AA<br><br>**DEFENDANT NATIONSTAR'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF EDWARD HYNE**<br><br>DATE:          November 12, 2014<br>TIME:          10:00 a.m.<br>COURTROOM: 303<br>               21041 Burbank Blvd.<br>               Woodland Hills, CA 91367<br>JUDGE:         Hon. Alan M. Ahart<br><br>FAC Filed:     June 5, 2013 |

11951.0140/3484903.1

RESPONSE TO EVIDENTIARY OBJECTIONS

Defendant Nationstar Mortgage LLC ("Nationstar") respectfully submits the following response to the evidentiary objections to the Declaration of Edward Hyne filed by Plaintiff Allana Baroni ("Plaintiff") in opposition to Nationstar's Motion for Summary Judgment.

## **PLAINTIFFS' OBJECTIONS**

Objection 1:

The Declaration of Edward Hyne, ¶4.

"On February 26, 2004, James Baroni entered into the note with lender Platinum Capital Group (the "**Note**"). The Note was in the amount of $1,430,000.00. The note is physically stored by U.S. National Bank as custodian Wells Fargo Bank, N.A. as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2004-5. ("Wells Fargo") A true and correct copy of the Note is attached to this declaration as Exhibit A."

Grounds for Plaintiffs' Objection:

Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

The Note attached as Exhibit A, is not the note attached to Claim 9-1, raising the factual issue of which Note Nationstar or Wells Fargo as Trustee claim to own.

Mr. Hyne does not attach a custodial agreement between Wells Fargo and US National Bank, nor under the Baroni 2004, did Nationstar produce any documents pertaining to the deposit or withdrawal of the Instruments with US National Bank, raising the factual issue of which party has custody over the original Instruments. A factual controversy remains, pertaining to which note Mr. Hyne purports US National Bank actually holds: Exhibit A to the Hyne Decl. or the note attached to Claim 9-1. With this outstanding issue the Court cannot grant summary judgment.

Defendant's Response:

The Note attached to Edward Hyne's declaration is a copy of the original Note. (See Declaration of Adam Barasch, ¶ 10.). There is no evidence that the Note attached to Claim 9-1 is a different Note, but a review of both Notes reflects the same parties, terms and signature.

Production of documents of documents pursuant to a 2004 examination is irrelevant to the

11951.0140/3484903.1                                    2

1 issues before the Court.  Further, pursuant the Uniform Commercial Code, the holder to original

2 Note can enforce it which even extends to a thief.  Counsel for Wells Fargo is in possession of the

3 original Note and will provide for an *In Camera* review if necessary.

4 Objection 2:

5     The Declaration of Edward Hyne, ¶8.

6     "Wells Fargo and Nationstar executed a Limited Power of Attorney the provides authority for Nationstar as servicer to execute "all documents and instruments necessary in the appearance and prosecution of this bankruptcy proceeding.""

8 Grounds for Plaintiffs' Objection:

9     Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack

10 of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence –

11 FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not

12 Capable of Accurate and Ready Determination – FRE 201.

13     The Limited Power of Attorney ("LPOA") does not authorize Nationstar to execute

14 documents on behalf of Wells Fargo as Trustee in this Case, as Mr. Hyne asserts. The LPOA

15 refers to servicing agreements not attached to either the LPOA nor to Mr. Hyne's declaration,

16 thereby raising the factual issue of whether Nationstar is the servicer for Wells Fargo as Trustee, a

17 prerequisite to the authority granted under the LPOA

18 Defendant's Response:

19     This limited power of attorney explicitly grants Nationstar the power to execute "all

20 documents and instruments necessary in the appearance and prosecution of this bankruptcy

21 proceeding."  This would include filing a proof of claim.

22     The fact that the property or deed of trust itself is not specifically listed is irrelevant.  "[A]

23 power of attorney may grant authority to make decisions concerning all or part of the principal's

24 real and personal property, whether owned by the principal at the time of the execution of the

25 power of attorney or thereafter acquired or whether located in this state or elsewhere, without the

26 need for a description of each item or parcel of property." Cal. Prob. Code § 4123.  Further, a

27 limited power of attorney grants not only the power to do any act specifically granted in its terms,

28

11951.0140/3484903.1     3

1 but to do any act "incidental, necessary, or proper to carry out the granted authority." Cal. Prob.

2 Code § 4262.

3 Objection 3:

4     The Declaration of Edward Hyne, ¶7.

5     "Nationstar is the current servicer of the Note."

6 Grounds for Plaintiffs' Objection:

7     Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack

8 of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence –

9 FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not

10 Capable of Accurate and Ready Determination – FRE 201.

11     No evidence of a servicing relationship between Nationstar and any other party is attached

12 to Mr. Hyne's declaration, raising the factual issue of for whom Nationstar is the purported

13 servicer.

14 Defendant's Response:

15     The Limited Power of Attorney, attached as Exhibit B to the declaration of Hyne, provides

16 that Nationstar is servicer for Wells Fargo.

17 Objection 4:

18     The Declaration of Edward Hyne, ¶6.

19     "Plaintiff and James Baroni fell into default on the note."

20 Grounds for Plaintiffs' Objection:

21 Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of

22 Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE

23 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable

24 of Accurate and Ready Determination – FRE 201.

25     No Notice of Default was recorded in the county land records evidencing a default on the

26 note. Mr. Hyne did not attach an accounting reflecting all payments made as a result of the debt,

27 including amounts received as a result of selling both notes (neither Hyne Decl. Exhibit A nor the

28 note attached to Claim 9-1) into the secondary market which raises the factual issue of what

amounts have been recovered pertaining to each note including any and all credit enhancements and financial guaranty insurance policies associated with each of the notes.

Defendant's Response:

Request for Judicial Notice, Exhibit 3, the proof of claim filed in this case, reflects a default at the time Plaintiff's filed her bankruptcy. Per the Declaration of Edward Hyne, his "duties at Nationstar include researching loan records in the custody and control of Aurora including files relating to the property commonly known as 3435 Rio Road, Carmel, California ("Property") and the account of Plaintiff and James Baroni." (Hyne Decl., ¶ 2.) This would include reviewing any default along that comport with the default listed in the proof of claim.

Objection 5:

The Declaration of Edward Hyne, ¶5.

On or around April, 2004, the Note was transferred to the Wells Fargo. Exhibit C.

Grounds for Plaintiffs' Objection:

Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

It is unclear if Mr. Hyne is asserting the note was transferred to Wells Fargo under the terms of Exhibit C. To the extent that was the intent of his statement, Exhibit C does not demonstrate the transfer of the Exhibit A note to Wells Fargo, which raises the factual issue of whether the Exhibit A note was transferred to Wells Fargo. Exhibit C is an agreement titled; "LEHMAN BROTHERS HOLDINGS, INC., SELLER, and STRUCTURED ASSET SECURITIES CORPORATION, PURCHASER, MORTGAGE LOAN SALE AND ASSIGNMENT AGREEMENT, Dated as of April 1, 2004 ("S&A"). Wells Fargo as Trustee is not a party to the S&A, nor does the agreement in any way demonstrate the transfer or sale of assets to Wells Fargo as Trustee.

The S&A demonstrates the desire for Lehman Brothers Holdings, Inc., to sell mortgage loans to Structured Asset Securities Corporation. The S&A in no way describes any transfer of the

Instruments to Wells Fargo Bank, National Association as Trustee. Mr. Hyne has wholly misrepresented the S&A.

Defendant's Response:

Exhibit C clearly identifies on the cover page that this transaction is for the Structured Adjustable Rate Mortgage Loan Trust (Mortgage Pass-Through Certificates, Series 2004-5) in which Wells Fargo is identified as the Trustee in paragraph 2 on the first page of the Agreement.

Objection 6:

The Declaration of Edward Hyne, ¶9.

"According to Nationstar's internal records, the custodian of the loan documents for the Loan is U.S. Bank, N.A. ("U.S. Bank")."

Grounds for Plaintiffs' Objection:

Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

Mr. Hyne attests that the loan records relating to the Property and the account of James Baroni are held at Aurora, not Nationstar, raising the factual issue of which institution holds the loan records. See Hyne Decl ¶ 2: "My duties at Nationstar include researching loan records in the custody and control of Aurora, including files relating to the property commonly known as 3435 Rio Road, Carmel, California ("Property") and the account of James Baroni."

Mr. Hyne attests that U.S. Bank N.A. ("US Bank") is the custodian of the loan documents, however, Mr. Hyne contradicts himself at ¶4 where he attests: "The Note is physically stored by US National Bank as custodian Wells Fargo Bank, N.A," raising the factual issue of which institution, U.S. Bank, N.A. or US National Bank, is the custodian of the records.

Under FRBP 2004, Baroni requested from Nationstar all documentation pertaining to the custody of any and all promissory notes associated with her estate. Nationstar failed to produce any documents demonstrating U.S. Bank N.A. or US National Bank ever held the original.

Defendant's Response:

1       Whether production of documents pursuant to a 2004 Order is not relevant to pending

2 Motion. Further, information regarding the custodian is for informational purposes only as under

3 the Uniform Commercial Code, possession of the original Note allows the party to enforce the

4 Note and in this instance file a proof of claim. As it is presently in possession of counsel for Wells

5 Fargo, he can technically enforce the Note. Exhibit C attached to the Declaration of Hyne

6 provides very clearly that U.S. Bank National Association ("N.A." is one of the custodians.

7 Based upon Hyne's Declaration reviewing the Plaintiff's loan file,inclusive, the identity of the current

8 custodian would be readily accessible and within his responsibilities. (See Declaration, ¶ 2.).

9       However, Plaintiff has failed to produce any evidence to dispute that Nationstar's counsel

10 has possession of the original collateral file, including the Note, which is sufficient to support

11 standing to enforce the Note, including filing a proof of claim, as set forth in California

12 Commercial Code.

13 Objection 7:

14       The Declaration of Edward Hyne, ¶10.

15       "As the custodian for the Loan, U.S. Bank has authority and control over the Loans "collateral file," which contains all original documents relating to the Loan, including among other things, the original, wet signature, blank-indorsed Note memorializing the Loan and Deed of Trust which secures it. The file is normally located at 7420 S. Kyrene Road, Suite 111, Tempe, Arizona 85283."

Grounds for Plaintiffs' Objection:

      Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

      Mr. Hyne is not the custodian of records for U.S. Bank and, therefore, cannot attest to the authority of U.S. Bank, raising the factual issue of whether U.S. Bank ever held the Instruments in their custody. The MSJ and Mr. Hyne's declaration are absent any custodial agreement, raising the issue of whether a custodial agreement and whether the Instruments were transferred pursuant to any custodial agreement.

11951.0140/3484903.1        7

RESPONSE TO EVIDENTIARY OBJECTIONS

Case 1:13-ap-01069-MB    Doc 64    Filed 10/29/14    Entered 10/29/14 14:49:11    Desc
Main Document    Page 8 of 13

The address 7420 S. Kyrene Road, Suite 111, Tempe, Arizona, 85283, apparently belongs to a company named Mobile Mini, not U.S. Bank, raising the factual issue of what institution physically holds the instruments.

Defendant's Response:

As part of Mr. Hyne's responsibilities, he researched "files relating to the property commonly known as 3435 Rio Road, Carmel, California ("**Property**") and the account James Baroni." As part of this research, the location of the collateral file was stored including notes in system identifying the transfer of the original collateral file from the custodian and the direction of Nationstar, the servicer, to counsel for Nationstar.

Plaintiff has failed to produce any evidence to dispute that Nationstar's counsel has possession of the original collateral file, including the Note, which is sufficient to support standing to enforce the Note, including filing a proof of claim, as set forth in California Commercial Code. The location of the collateral was provide for informational purposes only and has no bearing on the ability to enforce the original Note that is in possession of Counsel for Nationstar acting as servicing agent for Wells Fargo.

Objection 8:

The Declaration of Edward Hyne, ¶11.

"Due to this litigation, on or around April of 2013, Nationstar obtained the collateral file from U.S. Bank and had the collateral file with the original loan documents sent to Nationstar's counsel in this matter, Adam N. Barasch (**"Barasch"**). Barasch signed the Bailee letter and returned it to Nationstar acknowledging which documents it had received."

Grounds for Plaintiffs' Objection:

Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

Under FRBP 2004, Baroni requested from Nationstar and U.S. Bank the custodial records pertaining to any and all promissory notes associated with her estate. Nationstar did not produce the records requesting the loan file from U.S. Bank, nor the records receiving the Instruments from

11951.0140/3484903.1                                  8
RESPONSE TO EVIDENTIARY OBJECTIONS

U.S. Bank, nor the Bailee letter signed by Adam Barash, raising the factual issue of from whom Nationstar received the Note.

Defendant's Response:

Per Hyne's declaration, "[m]y duties at Nationstar include researching loan records in the custody and control of Aurora[1] including files relating to the property commonly known as 3435 Rio Road, Carmel, California ("**Property**") and the account James Baroni." (Hyne Decl., ¶ 2.) This would include requests to U.S. Bank to transfer the original Instruments. Further, whether production of documents pursuant to a 2004 Order is not relevant to pending Motion, nor would have the Bailee letter been included in said production as the original collateral file was not sent to Nationstar's counsel until after to Nationstar responded.

Objection 9:

The Declaration of Edward Hyne, ¶12.

"Barasch currently holds the original note and deed of trust as agent of Nationstar."

Grounds for Plaintiffs' Objection:

Hearsay – Federal Rules of Evidence ("FRE") 802; Lack of Foundation – FRE 402; Lack of Personal Knowledge – FRE 602; Speculation – FRE 602; Assumes Facts not in Evidence – FRE 402; Improper Opinion – FRE 701, 704; Relevance – FRE 402; Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201.

No servicing relationship between Nationstar and Wells Fargo as Trustee has been established through documents attached to the MSJ or produced to Baroni under the Baroni 2004. Nationstar can only act under the LPOA as a servicer, which raises the factual issue of Nationstar's authority to act under the LOPA without acting as the servicer for Wells Fargo Bank as Trustee.

Defendant's Response:

---

[1] Plaintiff points out that Aurora was listed instead of Wells Fargo. This was a drafting error on the part of Nationstar's counsel as it is evident from the balance of the pleadings the owner of the Note is correctly identified as Wells Fargo.

1  As was set forth previously, Nationstar is the current servicing agent for Wells Fargo. (Hyne, Decl., ¶ 1.)  Further, his "duties at Nationstar include researching loan records in the custody and control of Aurora[2], 3435 Rio Road, Carmel, California ("**Property**") and the account James Baroni." (Loll, Decl. ¶ 2.)

Further, this limited power of attorney explicitly grants Nationstar the power to execute "all documents and instruments necessary in the appearance and prosecution of this bankruptcy proceeding."  This would include filing a proof of claim.

The fact that the property or deed of trust itself is not specifically listed is irrelevant.  "[A] power of attorney may grant authority to make decisions concerning all or part of the principal's real and personal property, whether owned by the principal at the time of the execution of the power of attorney or thereafter acquired or whether located in this state or elsewhere, without the need for a description of each item or parcel of property." Cal. Prob. Code § 4123.  Further, a limited power of attorney grants not only the power to do any act specifically granted in its terms, but to do any act "incidental, necessary, or proper to carry out the granted authority." Cal. Prob. Code § 4262.

Finally, Barasch has laid the foundation for receipt of the original collateral file, including the Note endorse in blank, and will make if available for an *In Camera* review at the Motion for Summary Judgment hearing if necessary.

---

[2] See previous footnote.

| | | |
|---|---|---|
| 1 | DATED:  October 29, 2014 | Respectfully submitted, |
| 2 | | SEVERSON & WERSON |
| 3 | | A Professional Corporation |
| 4 | | |
| 5 | | By: _____/s/ Adam N. Barasch_____<br>Adam N. Barasch |
| 6 | | Attorneys for Defendant |
| 7–9 | | WELLS FARGO BANK, N.A. AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11951.0140/3484903.1                                           1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*): Response to Evidentiary Objections of Declaration of Edward Hyne will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 29, 2014 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Louis J. Esbin (esbinlaw@sbcglobal.net)     United States Trustee (ustregion16.wh.ecf@usdoj.gov)

Michael S. Riley (mriley8@aol.com)     S Margaux Ross (margaux.ross@usdoj.gov)

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 29, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Alan M. Ahart     Allana Baroni
U.S. Bankruptcy Court     3339 Via Verde Ct.
21041 Burbank Blvd., Suite 342     Calabasas, CA 91302
Woodland Hills, CA 91367-6606

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October 29, 2014     Jennifer W. Jones     */s/ Jennifer W. Jones*
*Date*     *Printed Name*     *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**