1  ADAM N. BARASCH (State Bar No. 158220)
   MARY KATE SULLIVAN (State Bar No. 180203)
2  MARK JOSEPH KENNEY (State Bar No. 87345)
   SEVERSON & WERSON, A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5  anb@severson.com

6  Attorneys for Defendant
   NATIONSTAR MORTGAGE, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO DIVISION

10

11 | ALLANA BARONI, | Case No. 1:12-bk-10986-AA |
|---|---|
12 | Debtor. | Chapter 11 |
13 | ALLANA BARONI, | Adv. No. 1:13-ap-01069-AA |
14 | Plaintiff, | **RESPONSE TO OBJECTION TO FORM OF JUDGMENT LODGED BY NATIONSTAR MORTGAGE LLC, ON ITS MOTION FOR SUMMARY JUDGMENT** |
15 | vs. | |
16 | NATIONSTAR MORTGAGE, LLC, | |
17 | Defendant. | DATE: November 19, 2014<br>TIME: 10:00 a.m.<br>COURTROOM: 303<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367<br>JUDGE: Hon. Alan M. Ahart |

11951.0140/3604529.1

RESPONSE TO OBJECTION

Nationstar Mortgage LLC ("**Nationstar**") submits the following response to Objection To Form Of Order[1] Lodged By Nationstar Mortgage, LLC, On Its Motion For Summary Judgment[2] Or, In The Alternative, Motion For Partial Summary Adjudication (Adv. Dkt. # 70.) filed by plaintiff and reorganized debtor Allana Baroni ("Plaintiff" or "Baroni"), which relates to Nationstar's Motion for Summary Judgment ("Motion") (Adv. Dkt. # 50.).

Specifically, Baroni objects to paragraph 5 of the "[Proposed] Judgment in Favor of Nationstar on Adversary Complaint" (the "Proposed Order"), which provides as follows:

> 5. Nationstar is entitled to judgment as a matter of law on Plaintiff's first claim for relief, to Determine the Nature, Extent and Validity of Lien / Declaratory Relief, as Nationstar, as servicer for Wells Fargo, has demonstrated that it is the holder of the Note and has the right to enforce the same. Nationstar's claim [Claim 9-1] is allowed in its entirety. Pursuant to Section X.c of the "Second Amended Disclosure Statement and Plan of Reorganization for Allana Baroni" (the "Plan") [Docket No. 376], which was confirmed on April 15, 2013. Plaintiff shall distribute to Nationstar all funds in the account maintained by Plaintiff for account number xxxxxx5132, within 10 business days of the date of this Order. Plaintiff shall thereafter pay directly to Nationstar, all future installment payments under the Plan on account of Nationstar's claim;

Proposed Judgment, ¶ 5

Baroni objects to all but the following line "Nationstar is entitled to judgment as a matter of law on Plaintiff's first claim for relief, to Determine the Nature, Extent and Validity of Lien / Declaratory Relief." (See Objection, Page 2.)

Baroni argues as follows:

a. The Court did not find that: ".... as Nationstar, as servicer for Wells Fargo has demonstrated that it is the holder of the Note and has the right to enforce the same." In fact, the tentative ruling states that Nationstar is a "...non-holder in possession..." of the Note.

**Nationstar's Response:** The Court found that Nationstar is in possession of the note. As either holder or non-holder in possession of the note, Nationstar has a right to enforce the note as

---

[1] Nationstar filed a Judgment, not an Order.

[2] Nationstar sought only Summary Judgment, which was granted in its entirety.

1  was set forth in the Court's tentative ruling.  Further, Baroni sought a determination as to who was

2  the holder of the note. (First Amended Complaint ("FAC"), ¶ 14, also see ¶'s 18 and 25.) By

3  virtue of the Court finding there were no triable issues of fact in dispute in granting Nationstar's

4  Motion for Summary Judgment it found that Nationstar was able to enforce the Note as either

5  holder or non-holder in possession of the Note.

6      b. The Court did not find or order that: "Nationstar's claim [Claim 9-1] is allowed in it's

7  entirety."

8  **Nationstar's Response:** The Court found that Nationstar may file a proof of claim in this

9  bankruptcy can enforce the note.  In order to do, Nationstar's proof of claim is deemed allowed.

10 Further, Baroni's adversary complaint sought to have Nationstar's proof of claim disallowed. By

11 virtue to the Court granting Summary Judgment, the proof of claim is deemed allowed.

12     Further in Baroni's first claim for relief, she sought a declaration regarding the "actual

13 rights and obligations of the parties" and a determination "whether Nationstar's Claim is

14 enforceable and whether it is secured or unsecured by any right, title, or interest in Plaintiff's

15 Property."  By virtue of granting summary judgment as to this first cause of action, the Court

16 determined Nationstar has a secured allowed claim.

17     c. The Court did not find or order that: "Plaintiff shall distribute to Nationstar all funds in

18 the account maintained by Plaintiff .....within 10 business days..."

19 **Nationstar's Response:** Baroni's Confirmed Plan states that

> "[a] separate Reserve Account will be held for each disputed priority, administrative, and secured claim. When a disputed priority, administrative, or secured claim becomes allowed, the Disbursing Agent will distribute to the holder thereof an amount equal to the amount in the Reserve Account held for such claimant, within 10 business days of entry of an order identifying the allowed claim holder. The Disbursing Agent will thereafter distribute directly to the allowed claim holder all future installment payments due under the Plan on such claim, on such future installment due date, if any." (Amended Plan, Page 17, Lines 16-23.) (Bk. Dkt. #376.)

25     By virtue of the Court granting Summary Judgment on Baroni's objection to proof of

26 claim, Nationstar's claim is no longer disputed and is allowed. Therefore,  granting of Summary

27 Judgment incorporates by reference the terms of Baroni's Confirmed Plan, including compliance

28 with distribution of funds held in the disputed reserve account on behalf of Nationstar.

1     d. The Court did not find or order that: "Plaintiff shall thereafter pay directly to Nationstar, all future installment payments under the Plan on account of Nationstar's claim."

**Nationstar's Response:** See above.

Although the Court's tentative ruling did not directly address Baroni's first claim for relief, the Court specifically stated at the November 19, 2014 hearing on the Motion for Summary Judgment that it was granting summary judgment in favor of Nationstar on the first claim for relief in the Baroni's First Amended Complaint. In order to grant summary judgment, this Court necessarily needed to determine that Nationstar's claim was enforceable against Baroni, which is the equivalent of allowable.

The usage of the term "allowable" is appropriate.

Therefore, Nationstar respectfully requests that this Court overrule the Debtor's objection and enter the Proposed Judgment.

DATED: December 4, 2014

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: /s/ Adam N. Barasch
        Adam N. Barasch

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*): Response to Objection to Judgment will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 4, 2014 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Plaintiff's Attorney: Michael S Riley   mriley8@aol.com, 10986aa@gmail.com
Plaintiff's Attorney: Louis J. Esbin    esbinlaw@sbcglobal.net
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 4, 2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Alan M. Ahart
U.S. Bankruptcy Court
Bin on 1st Floor outside entry to Clerk's Office
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 4, 2014 | Erica Wheelock | /s/ Erica Wheelock |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**