ADAM N. BARASCH (State Bar No. 158220)
MARY KATE SULLIVAN (State Bar No. 180203)
MARK JOSEPH KENNEY (State Bar No. 87345)
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
anb@severson.com

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

**FILED & ENTERED**

**DEC 05 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Ogier    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO DIVISION

| | |
|---|---|
| ALLANA BARONI,<br><br>　　　　Debtor. | Case No. 1:12-bk-10986-AA<br><br>Chapter 11 |
| ALLANA BARONI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>　　　　Defendant. | Adv. No. 1:13-ap-01069-AA<br><br>**JUDGMENT**<br><br>DATE:　　　November 19, 2014<br>TIME:　　　10:00 a.m.<br>COURTROOM:　303<br>　　　　　　21041 Burbank Blvd.<br>　　　　　　Woodland Hills, CA 91367<br>JUDGE:　　Hon. Alan M. Ahart<br><br>FAC Filed:　　June 5, 2013 |

11951.0140/3538093.1

JUDGMENT

1    The Motion for Summary Judgment (the "Motion") filed by Defendant Nationstar
2 Mortgage LLC ("**Nationstar**") with respect to the First Amended Adversary Complaint filed on
3 June 5, 2013 by plaintiff and reorganized debtor Allana Baroni ("Plaintiff" or "Baroni") came on
4 for hearing at the above date, time, and place. The Court, having reviewed the papers and
5 considered the arguments made by counsel at the hearing, now rules as follows:
6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
7    The Motion is GRANTED as there are no material facts in dispute and Nationstar is
8 entitled to judgment as a matter of law on the Adversary Complaint, and each claim for relief
9 contained therein, for the following reasons:
10    1.    It is undisputed that Plaintiff's husband, James J. Baroni, executed a Note and
11 Deed of Trust with regards to the subject property, thus Plaintiff does not have standing to bring
12 this action.
13    2.    Nationstar has shown that it is in possession of the Note, thus Nationstar may file a
14 proof of claim in this bankruptcy and enforce the Note. [UCC § 3301 (the possessor of a bearer
15 instrument may enforce it "even though the person is not the owner of the instrument")];
16    3.    Moreover, Nationstar has shown that it is a transferee of the Note and is in
17 possession of the Note, thus it can enforce the note as "a nonholder in possession of the instrument
18 who has the rights of a holder." UCC § 3301;
19    4.    Additionally, Plaintiff does not have standing to challenge the PSA agreement, as
20 she is not a signatory to the contract, nor is she a third-party beneficiary of it. *Jenkins v. JP*
21 *Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 517, 156 Cal. Rptr. 3d 912, 929 (2013) <u>as
22 modified (June 12, 2013.);</u>
23    5.    Nationstar is entitled to judgment as a matter of law on Plaintiff's first claim for
24 relief, to Determine the Nature, Extent and Validity of Lien / Declaratory Relief, as Nationstar, as
25 servicer for Wells Fargo, has demonstrated that it is ~~the holder~~ **in possession** of the Note, **or in**
26 **alternative, that it is a transferee of the Note and is in possession of the Note,** and **thus** has
27 the right to enforce the same. ~~Nationstar's claim [Claim 9-1] is allowed in its entirety. Pursuant to~~
28 ~~Section X.c of the "Second Amended Disclosure Statement and Plan of Reorganization for Allana~~

1  ~~Baroni" (the "Plan") [Docket No. 376], which was confirmed on April 15, 2013. Plaintiff shall~~
2  ~~distribute to Nationstar all funds in the account maintained by Plaintiff for account number~~
3  ~~xxxxxx5132, within 10 business days of the date of this Order. Plaintiff shall thereafter pay~~
4  ~~directly to Nationstar, all future installment payments under the Plan on account of Nationstar's~~
5  ~~claim;~~

6.  Nationstar is entitled to judgment as a matter of law on Plaintiff's second claim for relief for Quasi Contract/Unjust Enrichment. Plaintiff does not have a valid claim for unjust enrichment, because the action is based on contract. Further, Plaintiff has not shown that Nationstar was unjustly enriched;

7.  Nationstar is entitled to judgment as a matter of law on Plaintiff's third claim for relief for violation of 12 U.S.C. § 2605. Nationstar has shown that it is not a debt collector, as defined by 15 U.S.C. § 1692, Et Seq., and is in possession of the Note, therefore, it is entitled to enforce the terms of the Note and is owed the amounts due thereon. Further, FDCPA only applies to debts that are primarily for personal, family or household purposes;

8.  Nationstar is entitled to judgment as a matter of law on Plaintiff's fourth claim for **relief for violation of** California Business and Professional Code § 17200, Et Seq. Plaintiff failed to state with reasonable particularity facts supporting the statutory elements of the violation to support a claim under California Business and Professional Code § 17200, Et Seq.;

1     //

2     //

3     9.     Additionally, no other entity filed a secured Proof of Claim with regards to the subject property;

**IT IS SO ORDERED.**

    ###

Date: December 5, 2014

Alan M. Ahart
United States Bankruptcy Judge