**Richard L. Antognini, Esq. (Cal. Bar No. 075711)**
**Law Office of Richard L. Antognini**
**2036 Nevada City Highway, Suite 636**
**Grass Valley, California 95945-7700**
**Tel: (916) 295-4896 | Email: rlalawyer@yahoo.com**

**Michael S. Riley (Fla. Bar #265918 Pro Hac Vice)**
**The Law Offices of Michael S. Riley**
**401 E. Las Olas Blvd., Suite #130,**
**Fort Lauderdale, FL 33301**
**Tel: (818) 877-6423 | Email: mriley8@aol.com**

Attorneys for Reorganized Debtor and Appellant, Allana Baroni

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Allana Baroni,<br><br>    Reorganized Debtor. | Chapter 11 Case<br><br>Bankr. Case No. 1:12-bk-10986-MB<br><br>Adv. Proc. No. 1:13-ap-01069-MB |
| ALLANA BARONI,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>    Defendants. | REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br><br><br>Date: September 16, 2016<br>Time: 1:30pm<br>Place: Courtroom 303<br>21041 Burbank Blvd., Woodland Hills, CA |

# I.

## **PRELIMINARY STATEMENT**

Nationstar Mortgage, LLC ("Nationstar") filed secured Claim 9-1 (the "Claim") under penalty of perjury asserting it is the secured claimant. Two years after filing the Claim, Nationstar pivoted upon seeking summary judgment over Plaintiff's First Amended Complaint ("FAC"), to assert it is actually a servicing agent, but Nationstar failed to amend the Claim to reflect another secured claimant.

The Bankruptcy Appellate Panel of the 9th Circuit ("BAP") held in this matter that Nationstar failed to establish it is a servicing agent in connection with the Claim. The BAP further held that the entity Nationstar recast in the role of creditor, Wells Fargo Bank, N.A. as Trustee for SARM 2004-5 ("SARM 2004-5"), failed to establish that it holds a secured claim against Plaintiff's estate.

Plaintiff's FAC is an objection to the Claim. The litigation of Plaintiff's FAC would not resolve the Claim and other issues raised through the summary judgment and appellate proceedings, nor would litigating Plaintiff's FAC discharge SARM 2004-5 or the other newly named defendants from any cause of action brought by Plaintiff, as these parties are not named as defendants in the FAC. Should the Court be inclined to deny Plaintiff's Motion for Leave to Amend ("Motion for Leave"), the estate will be forced to file an additional adversary complaint.

# II.

## **THE STIPULATION TO AMEND THE SCHEDULING ORDER**
## **IS NO BAR TO BARONI'S MOTION**

Nationstar's entire opposition to the Motion for Leave (the "Opposition") rests on its assertion that it will be harmed, prejudiced and delayed if the Motion for Leave is granted because the parties entered into the Stipulation Amending Scheduling Order, wherein December 31, 2014, was set as the last date to join other parties and to amend the pleadings (the "Stipulation"), with

2

the Court entering the order based thereon (Adv. Proc. Dkt. No. 53) ("Stip Order").  However, Nationstar failed to disclose that it entered into the Stipulation in bad faith, duped the Plaintiff into executing the stipulation, and deceived the Court with the filing of the Stipulation in contravention of counsel's responsibilities under FRBP 9011.

Nationstar entered into the Stipulation in its capacity as the secured claimant, a position it would recant after the execution and filing of the Stipulation. At the time the Stipulation was presented to the Plaintiff for execution and filed with the Court, Nationstar represented to the Court and Baroni that Nationstar is the secured claimant / owner of the Claim.  In fact, during the entire period since the filing of the Claim on September 17, 2012, to September 24, 2014, Nationstar asserted it was the secured claimant, never once representing to the Court or to the Plaintiff that it was a servicing agent.  Nationstar improperly lead the Plaintiff to believe that she was entering into the Stipulation with Nationstar as the secured claimant and the only interested party in the case. Although Nationstar deceived Plaintiff, and the Court, Nationstar knew for over a two-year period that it was improperly posing and filing documents as the secured claimant in violation of FRBP 9011.

On September 24, 2014, after entering into and filing the Stipulation, Nationstar pivoted to assert through its motion for summary judgment that it is not the secured claimant, but actually a servicing agent for SARM 2004-5. However, this new assertion conflicts with Nationstar's November 15, 2013, answer to the FAC wherein Nationstar denied that SARM 2004-5 is the holder or investor of the Baroni Note, or the assignee of the Deed of Trust attached to the Claim (Adv. Dkt. No. 31), and also conflicts with the findings of the BAP.

It is improper, and in bad faith for Nationstar to trick the Plaintiff into executing the Stipulation under false pretenses posing as the secured claimant, then change its position from

secured claimant to servicing agent, and then attempt to rely upon the Stipulation executed in bad faith to oppose the instant motion.

## III.

### THIS COURT DID NOT HAVE JURISDICTION OVER THE ADVERSARY PROCEEDING AT THE TIME THE SCHEDULING ORDERED EXPIRED

Nationstar opines that the Plaintiff should have brought the Motion for Leave prior to the December 31, 2014, deadline set forth in the Stipulation. However, this Court entered summary judgment in favor of Nationstar on December 4, 2014, and was divested of its jurisdiction over the case on December 14, 2014, weeks prior to the December 31, 2014, deadline to amend the pleadings and add additional parties.

In this case, Nationstar improperly posed as the claimant prior to the filing of the adversary, and continued its ruse for over a year after the inception of the causes of action. Further, the Plaintiff was not aware of Nationstar's assertion that the Baroni Note was "re-indorsed" until the BAP oral arguments in September 2015, long after this Court was divested of its jurisdiction in December 2014. Over a five year period, the Plaintiff diligently requested under the Real Estate Settlement Procedures Act U.S.C. §§ 2601–2617, an explanation from the servicing institutions involved, why there exists two different sets of indorsements on the signature page of the same purported promissory note, to no avail. Nationstar's "re-indorsement" explanation was put forth for the very first time during the BAP oral arguments in September 2015, more than two years after the inception of the causes of action.

\\\

\\\

\\\

\\\

**IV.**

**THIS COURT HAS AUTHORITY TO MODIFY ITS SCHEUDLING ORDERS**

In re *City of Los Angeles v. Santa Monica Bay Keeper*, 254 F.3d at 887 (9th Cir. 2001) (*In re Los Angeles*), the Ninth Circuit provided guidance regarding the Court's power to reconsider, rescind or modify an interlocutory order:

> "The general rule regarding the power of a district court to rescind an interlocutory order is as follows: "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (emphasis added); see also *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59"); *High Country Arts and Craft Guild v. Hartford Fire Ins. Co.*, 126 F.3d 629, 635 (4th Cir. 1997) 8127(same); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (same).

Nationstar asserts that if a scheduling order is in place then Rule 15 (a) no longer applies and the Motion for Leave should be denied. This argument is unsupported. Fed. R. Civ. P. 15(a) allows a party to amend its pleading with leave of court after the period for amendment as a matter of course has expired. See FED.R.CIV. P. 15(a)(2). Pursuant to Rule 15(a), "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

Moreover, during a hearing in an associated adversary proceeding, *Baroni v. OneWest Bank FSB*, this Court amended its scheduling order, "in the interest of justice," to deem timely filed, OneWest's motion for summary judgment which it filed eight months after the scheduling

5

1  order in that matter allowed, and without OneWest requesting the scheduling order be amended to

2  allow for the eight-months-late filing.  See Adv. Case No. 1:13-ap-01249-MB, Dkt. No's 201, 226

3  & 238.  In this instance, it is clearly in the interest of justice that the Motion for Leave be granted.

**V.**

**<u>NATIONSTAR FAILED TO DEMONSTRATE HOW IT WILL BE HARMED
BY THE MOTION FOR LEAVE</u>**

The Second Amended Complaint is an objection to Claim 9-1. Nationstar is not the secured claimant nor the agent for the secured claimant in this matter. In fact, not once in the entire Opposition does Nationstar state for whom it filed the Opposition. Nationstar fails to identify the actual secured claimant whom it purports to represent or establish how this mystery party will be harmed, delayed or prejudiced. The Opposition was signed by counsel for Nationstar, no other party is identified in the Opposition.

As the litigation presently stands, Nationstar is a complete stranger to the estate.  Through the summary judgment and appellate proceedings Nationstar now admits that it is not a secured creditor acting for itself in the case. The BAP held that Nationstar is not acting for the party Nationstar recast in the role of secured claimant, and further held that SARM 2004-5 is not the secured claimant (See the BAP Opinion, Exh. 3 to the SAC filed with the instant motion). Through its November 15, 2013, answer to the FAC, Nationstar denies that SARM 2004-5 is the holder or investor of the Baroni note, nor the assignee of the Deed of Trust attached to the Claim (Adv. Dkt. No. 31), begging the question of who is harmed, delayed or prejudiced by the Motion for Leave.

Nationstar attempts to assert that because Plaintiff served a request for documents and oral examination under FRBP 2004 on SARM 2004-5 that Baroni should have previously added SARM 2004-5 as a Defendant.  Nationstar failed to inform the Court that SARM 2004-5 refused

6

to appear for its oral exam or produce documents under this Court's FRBP 2004 order, thereby refusing the opportunity to validate Nationstar's claim that it is acting for SARM 2004-5.

In sum;  (1) the Opposition does not assert that a party other than Nationstar will be harmed, delayed or prejudiced by the Motion for leave, (2) Nationstar is not the claimant,  nor the servicing agent for the claimant, and has not demonstrated how it will be harmed, (3) the Claim has not been amended to reflect the actual secured claimant who will be harmed, delayed or prejudiced, (4) SARM 2004-5 did not file an opposition to the Motion for Leave in any capacity, and (4) no other party has come forward claiming to be the secured claimant. Under these circumstances the objection to the Claim must be amended. Nationstar has clearly not demonstrated grounds sufficient to deny the Motion for Leave.

## VI.

### NATIONSTAR'S "RE-INDORSEMENT" MISREPRESENTATION IS RELEVANT

Baroni could not have sought to add the theories, defendants and causes of action arising from Nationstar's "re-indorsement" misrepresentations made to the BAP until after the case was remanded back to this Court in January 2016. After remand, Plaintiff immediately informed the Court that she intended to amend the complaint, add additional theories and defendants including those arising from Nationstar's "re-indorsement" misrepresentation. The Plaintiff requested a scheduling order setting out the deadlines to do so.  When the Court did not enter its order laying out such dates, Plaintiff filed the Motion for Leave out of an abundance of caution.  As the Court is aware, matters pertaining to the Plaintiff's cases are subject to the Court's Omnibus Scheduling Order, and are only heard every 30 or 60 days. The hearings and matters are often continued, with some motions not decided for more than a year.  Plaintiff's Motion for Leave is not a delay tactic brought in bad faith, as Nationstar alleges but rather subject to remand from the BAP and the scheduling of this Court.

## VII.

## THE ADDITION OF DEFENDANTS AND CAUSES OF ACTION DOES NOT CONSTITUTE BAD FAITH

The amendment to add Defendants, theories, and causes of action was caused by Nationstar's duplicitous misconduct, bad faith, and "re-indorsement" misrepresentation. Nationstar's assertion that Baroni's addition of defendants, theories and causes of action are tantamount to bad faith, were offered with unclean hands, and are wholly unsupported. "Inconsistency—even direct contradiction—between a current complaint and an earlier one is not a basis for dismissal. *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007)." Therefore, even Nationstar's disingenuous argument is not supported by fact or law.

## VIII.

## CONCLUSION

In opposing Plaintiff's motion for leave to amend the objection to Claim 9-1, Nationstar failed to identify for whom they are purportedly acting; i.e. a secured claimant who is harmed, delayed, or prejudiced by the Motion for Leave. The Opposition is merely a tactical measure to avoid having Plaintiff's claims litigated on the merits, and to avoid the misrepresentation that the Baroni Note was "re-indorsed." Avoidance of the issues being heard on the merits are not grounds sufficient to deny the Motion for leave.

For the reasons stated above, the Court should grant Plaintiff's Motion for Leave and allow the complaint to move forward on its merits after the summary judgment and appellate proceedings.

\\\

\\\

\\\

\\\

1 | WHEREFORE, the Plaintiff respectfully requests this Court enter an order:

2 |     a. Granting Plaintiff's leave to amend the Second Amended Complaint;

3 |     b. Accepting the Second Amended Complaint attached and incorporated by reference as

4 | "Exhibit 1," as that to be filed and served on all parties in interest;

5 |     c. That the Second Amended Complaint be deemed the amended pleading, and that it be

6 | deemed filed and served as of the date the motion is granted.

9 | Dated: September 9, 2016

                                        LAW OFFICE OF RICHARD L. ANTOGNIN

                                        /s/ <u>Richard L. Antognini</u>
                                        Richard Antognini, Esq.
                                        Attorneys for the Plaintiff and Reorganized Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Law Office of Richard L. Antognini
2036 Nevada City Highway, Suite 636
Grass Valley, California 95945-7700

A true and correct copy of the foregoing document entitled (*specify*):  REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 9, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Riley, mriley8@aol.com
Adam Barasch anb@severson.com
Bernard J Kornberg bjk@severson.com
Jeannette Marsala jmarsala@houser-law.com, jmann@houser-law.com
United States Trustee, usrpregion16.wh.ecf@usdoj.gov

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 9, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Marin R, Barash (personal delivery)
21041BurbankBlvd
Ctrm.303.WoodlandHills.CA
91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 9, 2016 | | /s/ Richard Antognini |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**