MARY KATE SULLIVAN (State Bar No. 180203)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
anb@severson.com

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| ALLANA BARONI,<br><br>    Debtor. | Case No. 1:12-bk-10986-MB<br><br>Chapter 11 |
| ALLANA BARONI,<br><br>    Plaintiff,<br><br>    vs.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Adv No. 1:13-ap-01069-MB<br><br>**NATIONSTAR'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MEREDITH DEKALB MILLER AS IRRELEVANT**<br><br>DATE:  May 26, 2017<br>TIME:   1:30 p.m.<br>PLACE: Courtroom 303<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA<br><br>JUDGE:  Martin R. Barash |

11951.0140/10675993.1

NATIONSTAR'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MEREDITH DEKALB MILLER AS IRRELEVANT

## I. INTRODUCTION

The Court has scheduled an evidentiary hearing regarding specific issues on remand from Plaintiff, Allana Baroni's ("Plaintiff") appeal after the granting of Nationstar Mortgage LLC's Motion for Summary Judgment. The Court set forth the issues that are the subject of the remand. Plaintiff has proposed to have an handwriting expert, Meredith Dekalb Miller ("Miller"), testify as to the differences in various copies of the Note that she reviewed in 2011 as well as opine on whether or not the original borrower, James Baroni. signed the Note. As these issues are not the subject of this Court's Order Regarding Scope of Issues on Remand nor were they issues addressed in the underlying First Amended Complaint, the testimony of Miller should be excluded as irrelevant.

## II. PERTINENT FACTS

On February 1, 2012, Debtor filed for bankruptcy. Voluntary Petition, Bky. Dkt. #1. On November 17, 2012, Nationstar filed Claim 9-1 representing its claim as servicer of the real property located at 3435 Rio Road, Carmel, California 93921 ("Property"). Claim 9-1.

On April 3, 2013, Debtor filed this adversary proceeding. Complaint, Adv. Dkt. #1. .

On June 5, 2013, Debtor amended her complaint. Debtor's first amended complaint (the "FAC") brought four causes of action for (1) Declaratory Relief to Determine the Nature, Extent, and Validity of Lien; (2) Quasi Contract / Unjust Enrichment; (3) Violation of 15 U.S.C. § 1692, et. seq.; and (4) Violation of California Business and Professions Code § 17200, et seq. FAC, Adv. Dkt. #10. The FAC did note question to validity of the Note, nor question whether the signature was that of James Baroni. FAC, Adv. Dkt. #10.

On April 15, 2013, Debtor's second amended plan was confirmed. Order Confirming Plan, Bky. Dkt. # 423. Pursuant to the plan, Claim 9-1 was to be valued at $1,400,000 to be paid over 40 years at 3.5%. Second Amended Plan, pp.26-27, Bky. Dkt. #376. The plan further provides that payments on the claim will be held by a Disbursing Agent pending litigation on the claim. Second Amended Plan, pp.26-27, Bky. Dkt. #376.

On December 5, 2014, the Court granted summary judgment in favor of Nationstar as to each cause of action. Order Granting Summary Judgment, Adv. Dkt. #74. Debtor appealed this

order to Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP").  Notice of Appeal, Adv. Dkt. # 76.

On January 19, 2016, a mandate was entered by the BAP reversing the order granting summary judgment as to each cause of action except for the claim for Violation of 15 U.S.C. § 1692, *et. seq*.  Mandate, Adv. Dkt. #127.

On June 24, 2016, this Court issued an Order Re Scope of Issues on Remand.  Adv. Dkt. # 149.

On April 3, 2017, Plaintiff filed Plaintiff's Expert Report of Meredith Dekalb Miller.  Adv. Dkt. # 190.

### III. THE COURT SHOULD EXCLUDE TESTIMONY FROM MILLER AS IT IRRELEVANT AS TO ISSUES BEFORE THIS COURT ON REMAND

#### A.  Scope of Issues on Remand

On June 24, 2016 after the parties filed a Joint Status Report setting forth their respective positions on what this Court should consider after the Remand from Plaintiff's appeal of the Order Granting Nationstar's Motion for Summary Judgment, this Court issued an Order RE Scope of Issues on Remand.  Adv. Dkt. # 149.  This Court indicated that only three of the four causes of action had been remanded back to Bankruptcy Court.  Those causes of action were for declaratory relief, quasit contract seeking restitution, and violation of Business and Professions Code § 17200.  Further as to the declaratory relief cause of action the Court, identified the following issues that it would consider on Remand:

"a. Whether the "original Carmel note" (as defined by the Panel in its Memorandum) was duly endorsed in blank and made payable to the bearer and, therefore, whether Nationstar qualifies as a holder of the note and a person entitled to enforce the note/

b. Whether Wells Fargo, as trustee of the securitization trust, owns the "Carmel note" and therefore, qualifies as a nonholder in possession of the note with rights of a holder under UCC § 3-301 and the related issue of whether Nationstar is Wells Fargo's agent with respect to the "Carmel note."

This was the extent of the issues on remand.  The Court did not seek any clarification as to

the authenticity of the copy of the Note attached to the Motion for Summary Judgment, nor did the Court address any issue related to the authenticity of the signature of James Baroni on the Note. In fact, Plaintiff never raised either of these issues in her FAC. More importantly as she set forth in her FAC, "Plaintiff does not dispute that she owes money on her mortgage obligation. Rather, Plaintiff disputes the amount owed and seeks the Court's assistance in determining who the true creditor is of the Note and Deed of Trust." FAC, ¶ 13. Plaintiff says she does not dispute the debt, but yet seeks to have an expert testify as to whether or not the signature on the Note is that of her husband, which implies an attempt to void the loan. This would be contrary to the statement in in her FAC where she acknowledges that she owes the money but disputes who she should be paying as a basis of her FAC.

As the entire basis of Miller testimony is based upon these two issues, Nationstar requests Miller be excluded from testimony as her testimony would be irrelevant under Rule 702 of Federal Rule of Evidence.

**B.    Rule 702 of Federal Rule of Evidence**

The Federal Rules of Evidence is clear on who can be qualified as an expert witness. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;." Fed. R. Evid.. 702(a).

Here, Plaintiff has proposed Miller[1] as a handwriting expert. A review of her report indicates that she would be testifying on her review of documents back in 2011 well prior to the filing of this adversary complaint as well as an opinion on whether or not the signature on the Note attached to Nationstar's Motion for Summary Judgment was the signature of James Baroni. Specifically, she has found the following in her addendum to the report that she prepared in 2011:

---

[1] Miller notes in her report that she is somewhere in Southeast Asia and would not be available to testify in person, but could testify via Skype. This is yet another reason Miller should be excluded.

2. "Due to the nature of the questioned and known writing being non-original documents, an elimination of the writer cannot be determined. However, there is a *strong probability* that the writer of Kc1-1 through Kcl-12 specimens did not prepare the signatures depicted in the Qc1 specimen."

The Court has broad discretion as to whether to admit expert testimony. *U.S. v. Hearst*, N.D. Cal. 412 F. Supp. 893 (1976); *Hamling v. U.S*, 418 U.S. 87 (1974) Finally and most importantly, expert testimony that does not relate to any issue in the case is not relevant and therefore not helpful. *Daubert v. Merrill Dow Pharm.,* 509 U.S. 579, 591, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

*Daubert* found that Rule 702 places appropriate limits on the admissibility of purportedly scientific evidence by assigning to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. The reliability standard is established by Rule 702's requirement that an expert's testimony pertain to "scientific… knowledge," since the adjective "scientific" implies a grounding in science's methods and procedures, while the word "knowledge" connotes a body of known facts or of ideas inferred from such facts or accepted as true on good grounds. The requirement that the testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to relevance by demanding a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

Here neither the BAP nor this Court in setting forth the issues on remand questioned signature on the Note of James Baroni or opined on documents reviewed by Miller in 2011 well prior to the commencement of this litigation. More importantly, Miller did not review the original Note that was attached to the Motion for Summary Judgment in her analysis of the Note. Given that Miller failed to do so, her testimony, if allowed, would be irrelevant to the issues at hand. Nor would it assist the Court in making a decision on the issues on remand.

Finally, the Bankruptcy Appellate Panel found that "signatures on negotiable instruments are presumed to be authentic and authorized, and Allana has not presented any evidence to overcome that presumption." Memorandum, page 23, Lines 3-5. Plaintiff now attempts to raise

this issue, but it is too late. Plaintiff's failure to raise these issues prior to the Motion for Summary Judgment is fatal to her claim.

For these reasons, the testimony of Miller must be excluded as irrelevant.

## IV.  CONCLUSION

For the reasons stated above, the Court should exclude the testimony of Miller as being irrelevant.

DATED:  May 3, 2017

SEVERSON & WERSON
A Professional Corporation

By: /s/ Adam N. Barasch
　　　　Adam N. Barasch

Attorneys for Defendant NATIONSTAR MORTGAGE LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*):  NATIONSTAR'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MEREDITH DEKALB MILLER AS IRRELEVANT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 3, 2017  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard L Antognini     , rlalawyer@yahoo.com
•Adam N Barasch     anb@severson.com, dgl@severson.com;efiling@severson.com
•Bernard J Kornberg     bjk@severson.com, elw@severson.com
•Michael S Riley     mriley8@aol.com, 10986aa@gmail.com
• United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 3, 2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Martin R. Barash
U.S. Bankruptcy Court
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 9136

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| May 3, 2017 | Deborah G. Lazzarini | /s/ Deborah G. Lazzarini |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.