FILED & ENTERED

JUN 22 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier          DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ALLANA BARONI,<br><br>    Reorganized Debtor.<br>_____<br>ALLANA BARONI,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>    Defendant. | Case No.: 1:12-bk-11446-MB<br><br>Adv. Proc. No. 1:13-ap-01069-MB<br><br>Chapter 11<br><br>**ORDER GRANTING IN PART AND DENYING IN PART NATIONSTAR'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MEREDITH DEKALB MILLER AS IRRELEVANT** |

**ORDER RE EXPERT WITNESS MEREDITH DEKALB MILLER**

On May 26, 2017, the Court held a hearing on *Nationstar's Motion to Exclude Expert Testimony of Meredith Dekalb Miller As Irrelevant* (the "Motion In Limine").  Pursuant to the Motion In Limine, Defendant Nationstar Mortgage LLC ("Nationstar") seeks to exclude the expert testimony of Meredith Dekalb Miller ("Miller") at the trial in this adversary proceeding, which presently is scheduled for October 16, 2017.  Miller was identified as a potential expert witness by Plaintiff Allana Baroni ("Baroni").  Nationstar argues that Miller's anticipated testimony is irrelevant to the issues at trial.  In particular, Nationstar complains that Miller should not be permitted to testify regarding the differences between copies of a certain promissory note, or as to whether the signatures of James J. Baroni (Baroni's husband) on certain documents are genuine.  As explained in greater detail below, the Motion to exclude Miller's testimony is granted in part and denied in part.

## I. BACKGROUND

On December 5, 2014, this Court entered summary judgment in favor of Nationstar on all causes of action asserted by Baroni in her First Amended Complaint ("FAC").  Baroni timely appealed from that judgment.  On November 10, 2015, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") issued its Memordanum affirming in part, reversing in part, and remanding the matter for further proceedings.  *Baroni v. Nationstar Mortg., LLC (In re Baroni)*, 2015 Bankr. LEXIS 3859 (B.A.P. 9th Cir. Nov. 10, 2015).

In assessing the central question presented by this proceeding—whether Nationstar has the right to enforce a certain promissory note against Baroni—the BAP found a genuine issue of material fact precluding summary judgment because Nationstar had presented the Court with copies of the promissory note with what appeared to be different endorsement pages.  *Id.* at *25-*30.  The existence of what appeared to be different endorsement pages raised for the BAP a genuine issue as to the authenticity of the endorsement on the promissory note held by Nationstar (referred to by the BAP as the "Carmel note").

The BAP specifically contrasted this endorsement issue with several other issues that it considered and *rejected* as a basis for reversal and remand: (i) the authenticity of James Baroni's signature on the promissory note and (ii) the possibility that there were two or more promissory

1 notes in existence. First, the BAP held that "[s]ignatures on negotiable instruments are presumed
2 to be authentic and authorized, and [Baroni had] not presented any evidence to overcome that
3 presumption [in the case of the Carmel note]." *Id.* at *28 (citing *In re Stanley*, 514 B.R. 27, 39
4 (Bankr. D. Nev. 2012)). Second, the BAP held that the "summary judgment record indicates that
5 there is only one original Carmel note and that Nationstar's attorney Adam Barasch is in possession
6 of it." *Id.* at *27. Further, the BAP agreed with a declaration submitted by Miller observing that
7 "all of the note copies are representative copies of the same note and that James' signature on each
8 of the note copies is consistent." *Id.*

9     On June 24, 2016, after carefully reviewing the Memorandum and considering the written
10 submissions and oral arguments of the parties, the Court entered its *Order [1] Re Scope of Issues*
11 *on Remand; and [2] Setting Status Conference* ("Post-Remand Order"). Adv. Dkt. 149. The Post-
12 Remand Order determined that of the four causes of action asserted in the FAC, the only causes of
13 action remanded for further proceedings are the following:

14    1. The First Cause of Action for Declaratory Relief, on the following issues only:

15       (a) Whether the "original Carmel note" (as defined by the Panel in its
16           Memorandum) was duly endorsed in blank and made payable to the
17           bearer and, therefore, whether Nationstar qualifies as a holder of the note
18           and a person entitled to enforce the note;

19       (b) Whether Wells Fargo, as trustee of a securitization trust, owns the
20           "Carmel note" and therefore qualifies as a nonholder in possession of the
21           note with the rights of a holder under UCC § 3-301 and the related issue
22           of whether Nationstar is Wells Fargo's agent with respect to the Carmel
23           note;

24    2. The Second Cause of Action for Quasi Contract /Unjust Enrichment, which the
25       Court will treat as a quasi-contract claim seeking restitution; and

26    3. The Fourt Cause of Action for Violations of California Business & Professions
27       Code § 17200 *et seq.*

28

2

At the status conference held December 16, 2016, the Court proposed and the parties agreed on certain dates and deadlines. Among other things, the parties agreed and the Court ordered (i) Baroni to identify her expert witnesses by February 15, 2017, (ii) Nationstar to identify its expert witnesses by March 1, 2017, and (iii) any party identifying an expert witness to submit its expert report by March 1, 2017. The parties also agreed that expert witnesses would be deposed by April 30, 2017.

On February 15, 2017, Baroni filed her *Designation of Experts* ("Designation"), Adv. Dkt. 180, identifying Miller as an expert witness to be used at trial. Baroni's pleading stated that Miller "is expected to testify in connection with the authenticity and characteristics of the promissory notes including indorsements thereto, and deed of trust documents, which were filed in the case, and produced to the Plaintiff." In an *Errata,* Adv. Dkt. 184, filed 12 days later, Baroni added the two words to her designation, as indicated in boldface type: ". . . the authenticity and characteristics of the **loan documents**, promissory notes including indorsements thereto. . . ." Further, in her original Designation, Baroni states "Ms. Miller is on assignment in Asia for the U.S. Department of Justice and has requested to appear at trial via Skype."

On April 2, 2017, Baroni filed and served on Nationstar *Plaintiff's Expert Report of Meredith Dekalb Miller* (the "Miller Report"). The Miller Report is comprised of two parts: (i) an original report dated August 17, 2011 (the "Original Report") and (ii) an addendum dated March 31, 2017 (the "Addendum").

The Original Report summarizes the differences Miller observed between different versions of the promissory note inspected by Miller—some versions having been forwarded as electronic images to Miller and one version having been physically inspected at a law office in Chicago, Illinois. Miller also inspected an original deed of trust purportedly related to the note. Under "Scope of Report," Miller states that she was "retained by Ms. Allana Baroni to analyze and compare the questioned specimens . . . for possible alterations/changes to the documents." After describing her methodology, Miller proceeds in the Original Report to describe the differences she observed between the various versions of the note. As for the signature of James J. Baroni, Miller observes that on all five versions of the promissory note she reviewed the signatures are

1  "consistent," see Original Report at ¶¶ 24, 35, although the "font size" on two of the speciments

2  was "smaller." *Id.* at ¶ 35.  The Original Report contains no opinion questioning the authenticity of

3  James Baroni's signature on the promissory note or any other document.

4       The Addendum does focus on the authenticity of James Baroni's signature, but only the

5  signature reflected on a certain Uniform Residential Loan Application dated January 14, 2004.

6  Under the "Scope of Report," Miller states in the Addendum that she was retained by Baroni "to

7  determine if the signatures on the . . . loan application were or were not prepared by the writer of

8  the [other] specimens."    She then goes on to describe her inspection and comparison of the loan

9  application with at least 12 other purported specimens of James Baroni's signature.  Miller

10 concludes that although "an elimination of the writer could not be determined. . . there is a *strong*

11 *probability* that the writer of the [sample] specimens did not prepare the signatures depicted on the

12 [loan application] specimen." Addendum at ¶ 36.  Miller expresses no opinion whatsoever in the

13 Addendum regarding the authenticity of James Baroni's signature to the promissory note that is the

14 subject of the Original Report.

15      On May 3, 2017, Nationstar filed and served the Motion In Limine.  On May 12, 2017,

16 Baroni filed her opposition to the Motion in Limine ("Opposition").  Adv. Dkt. 195.  On May 19,

17 2017, Nationstar filed its reply in support of the Motion in Limine.  Adv. Dkt. 197  ("Reply").  The

18 Court held a hearing on the Motion In Limine on May 26, 2017.

19      Nationstar argues that Miller's proposed testimony is not relevant to the specific issues

20 remanded for trial.  Nationstar proceeds on the premise that Miller will (i) testify to "the differences

21 in various copies of the Note that she reviewed in 2011" and (ii) "opine whether or not the original

22 borrower, James Baroni, signed the Note."  Further, Nationstar argues that Miller's testimony

23 should be excluded because she appears unable to attend the trial in person, due to her current

24 assignment in Asia working for the United States Department of Justice.  In opposition, Baroni

25 argues that Nationstar's motion is untimely and that Miller's anticipated testimony is relevant.

26 Further, Baroni contends that it is appropriate for Miller to participate in a trial via Skype.

27

28

4

## II. ANALYSIS

**A. Legal Standards**

Although motions in limine are not addressed in the Federal Rules of Civil Procedure (or the Federal Rules of Bankruptcy Procedure), they are a well-recognized procedure by which evidentiary issues may be considered prior to trial. *See, e.g., Hoffman v. Constr. Protective Servs.,* 541 F.3d 1175 (9th Cir. 2008).

As a general matter, evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determing the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is admissible, unless otherwise provided in the Constitution, a federal statute, the Federal Rules of Evidence, or other applicable rules. *Id.* The specific prerequisites for the admission of expert testimony also incorporate a relevancy concept:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge *will help the trier of fact to understand the evidence or to determine a fact in issue*;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evidence 702 (emphasis added).

Further, the rules require that the opinions of an expert witness must be disclosed in advance of trial in order to be admissible at trial. Rule 26 of the Federal Rules of Civil Procedure (made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure), requires parties that seek to use an expert witness at trial to disclose in a written report, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2). To give this requirement teeth, Rule 37 of the Federal

Rules of Civil Procedure (made applicable to this proceeding by Rule 7037 of the Federal Rules of Bankruptcy Procedure) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed").

**B. Application.**

**1. Differences Between Copies of the Promissory Note**

Nationstar argues that that Miller's testimony regarding differences she has observed between the endorsements to the various copies of the promissory note is irrelevant, but at the same time acknowledges that the genuine issue of material fact recognized by the BAP (and justifying its remand) arises from those very differences. Reply at 2. This makes no sense. Miller's declaration testimony regarding the differences she observed in different copies of the promissory note—the same opinions covered by the Original Report—was submitted in connection with the summary judgment motion that was granted by the Court and subsequently remanded by the BAP. Adv. Dkt. 59. Indeed, Miller's declaration testimony was specifically discussed by the BAP's opinion and the differences in the endorsements was cited as the one and only reason for the remand. 2015 Bankr. LEXIS 3859 at *14-*15, *27-*30. Although Nationstar is free to argue at trial that the probative value of Miller's opinions in the Original Report has its limits, the Court cannot conclude that it is *irrelevant* to the issues before the Court on remand. Accordingly, the Motion in Limine is **DENIED** to the extent it seeks to exclude Miller's testimony regarding the opinions she expresses in the Original Report.

### 2. James Baroni's Signature on the Promissory Note

Nationstar argues that Baroni has proposed to have Miller "opine on whether or not the original borrower, James Baroni, signed the Note," and that Baroni should not be permitted to do so. Motion In Limine at 2. It is not clear to the Court whether Baroni intends to offer such evidence, but if she seeks to do so it will not be permitted. The language used to describe Miller's contemplated testimony in the Designation is broad enough to encompass a discussion of whether James Baroni signed the promissory note. *See* Adv. Dkt. 180 at 2, Adv. Dkt. 182 at 2. But neither the Original Report nor the Addendum contain an opinion challenging the authenticity of James Baroni's signature to the promissory note. This is critical. The law is clear that Miller is not permitted to testify regarding an opinion that was not timely disclosed pursuant to Rule 26, unless such failure was "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d at 1106; *Lacey Marketplace Assocs. II, LLC v. United Farmers of Alta. Coop., Ltd.,* 2015 U.S. Dist. LEXIS 63563 at *22-*23 (W.D. Wa. May 14, 2015). Baroni has not made (let alone attempted to make) such a showing. Further, the Court's summary adjudication of the authenticity of James Baroni's signature to the promissory note has already been challenged on appeal by Baroni and upheld by the BAP. *Baroni v. Nationstar Mortg., LLC (In re Baroni)*, 2015 Bankr. LEXIS 3859 at *27-*28. At this point, the Court and the parties are bound by the mandate of the BAP's ruling. Accordingly, the Motion in Limine is **GRANTED** with respect to any testimony by Miller challenging the authenticity of James Baroni's signature to the promissory note.

### 3. James' Baroni's Signature on the Loan Application

Nationstar also challenges as irrelevant Baroni's proposed introduction of testimony from Miller regarding the authenticity of James Baroni's signature to a certain uniform loan application. Reply at 3-4. The Addendum prepared by Miller does opine on this issue, finding a "strong probability" that the individual who signed the application was not the same person who signed a dozen other specimens offered as examples of James Baroni's signature. Adv. 190 at 28, 33. The problem is that Baroni has failed to demonstrate that this testimony would make any "fact [of] consequence in determining the action" more or less true, see Fed. R. Evid. 401, and likewise failed

to demonstrate how Miller's opinion on this issue will help the Court, as the trier of fact, "understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  Baroni has certainly argued that the loan application is relevant to the endorsement issue on which this matter was remanded, but has failed to explain persuasively why this is true.  *See* Opposition at 7-8.  To the extent Baroni seeks to challenge the authenticity of James Baroni's signature to the promissory note, or to argue that there are multiple promissory notes, the BAP specifically upheld summary adjudication of those issues and the parties are bound by the mandate of the BAP.  Accordingly, the Motion In Limine is **GRANTED** with respect to any testimony by Miller challenging the authenticity of James Baroni's signature to the uniform loan application that is the subject of the Addendum to the Miller report.

### 4. Appearance of Miller at Trial

As the Court noted at the hearing on the Motion in Limine, the Federal Rules of Civil Procedure generally require that the testimony of a witness be taken in open court.  Fed. R. Civ. P. 43.  This rule is incorporated by reference and applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 9017.  Rule 43 permits exceptions, but it requires the party seeking such an exception to show cause: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43.  Baroni has not filed a motion seeking leave from the requirements of Rule 43 or demonstrated that the standards applicable to the exception have been satisfied.  To the extent Baroni's discussion of this issue in her Opposition or at the hearing is construed as a request for waiver of the requirements of Rule 43, it is **DENIED** without prejudice.

8

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. The Motion in Limine is **DENIED** to the extent seeks to exclude Miller's testimony regarding the opinions she expresses in the Original Report.

2. The Motion in Limine is **GRANTED** with respect to any testimony by Miller challenging the authenticity of James Baroni's signature to the promissory note.

3. The Motion In Limine is **GRANTED** with respect to any testimony by Miller challenging the authenticity of James Baroni's signature to the uniform loan application that is the subject of the Addendum to the Miller report.

4. To the extent Baroni's briefing or arguments in connection with the Motion In Limine is construed as a request for waiver of the requirements of Rule 43, it is **DENIED** without prejudice.

###

Date: June 22, 2017

Martin R Barash
United States Bankruptcy Judge

9